STATE OF NORTH CAROLINA v. JAMES A. FOX DOCKET No. 5477 AND ALBERT R. SAMPSON DOCKET No. 5478.

(Filed 3 February, 1961.)

**1. Constitutional Law § 20: Trespass § 9—**

The operator of a privately owned department store has the right to discriminate on the basis of race as to those he will serve at the lunch counter in such store, and a Negro who, with knowledge of the policy

of the store not to serve Negroes at the lunch counter, seats himself at the lunch counter and refuses to leave after request, is guilty of trespass. G.S. 14-134.

**2. Constitutional Law § 20—**

The constitutional guarantee against imprisonment except by the law of the land does not protect a trespasser from prosecution or prohibit a private property owner from selecting his guests or customers.

APPEALS by defendants from *Hooks, S. J.* April Assigned Term, 1960, of WAKE.

Each defendant was tried in the Raleigh City Court on a warrant which charged that on 21 March 1960 the named defendant entered the premises of McCrory-McLellan Stores on Fayetteville Street in Raleigh and "did remain in a portion of said premises set off from the balance of said store and clearly marked and partitioned from the rest of said store (after having been told to remove himself from that portion of said store by Claude M. Breeden, manager of said store)." Each was found guilty. Fines were imposed. Each appealed to the Superior Court. There the cases were consolidated. Verdicts of guilty were returned, prison sentences imposed, suspended upon condition defendants pay a fine of $25, cost, and remain on good behavior. Defendants appealed.

*Attorney General Bruton and Assistant Attorney General Moody for the State.*

*Samuel S. Mitchell, George R. Greene, F. J. Carnage, George E. Brown and Jack Greenberg for defendant appellants.*

PER CURIAM. McCrory-McLellan Stores (called McLellan) operated a mercantile establishment on Fayetteville Street in Raleigh where it offered for sale to the public a general line of merchandise. In this store it set apart an area for lunch counter service. This area was enclosed by fence. McLellan pursued the policy of restricting its lunch counter service to its employees and its white patrons. This fact was known to defendants, who are Negroes. To test the right of an operator of a private mercantile establishment to select the customers he will serve in any particular portion of the store, defendants seated themselves at the lunch counter and demanded service. They did not want or expect service as they had eaten lunch a few minutes before entering the store. Despite repeated requests to leave the enclosed area, they remained and persisted in their demand for services until arrested by city police and charged with violating G.S. 14-134, the trespass statute.

STATE *v.* FOX.

Defendants contend a merchant who sells his wares to one must serve all, and a refusal to do so is a violation of the rights guaranteed by the Fourteenth Amendment to the Constitution of the United States. The contention lacks merit. The operator of a private mercantile establishment has a right to select his customers, serve those he selects, and refuse to serve others. The reasons which prompt him to choose do not circumscribe his right. This was decided after carefull consideration in *S. v. Avent et al*, 253 N.C. 580. Nothing need be added to what was there said.

The reasons given for affirming the judgment in *S. v. Avent, supra,* likewise demonstrate the inapplicability of Art. I, sec. 17 of the Constitution of North Carolina. Its guarantee against imprisonment except by the law of the land was not intended to protect trespassers from prosecution or to prohibit a private property owner from selecting his guests or customers.

Since defendants had no constitutional right to remain on private property over the protest of the lawful occupant, it follows that the refusal to leave when requested was a violation of the statute.

No error.