STATE OF NORTH CAROLINA v. JAMES A. FOX, DOCKET No. 5477.
AND
ALBERT R. SAMPSON, DOCKET No. 5478.

(Filed 16 December, 1964.)

**Constitutional Law § 20; Trespass § 10—**

In accordance with mandate of the Supreme Court of the United States, conviction of defendant of trespass in wilfully refusing to leave a restaurant after being requested to do so by the management, is reversed on the ground that the inspection form of the State Board of Health providing for toilet facilities separate for each race constitutes State action depriving the operator of the restaurant of freedom of choice as to patrons he could serve.

ON remand from the Supreme Court of the United States.

PER CURIAM. Defendants, Negroes, were in April 1960 convicted in Wake County Superior Court of trespassing after being forbidden, a misdemeanor, G.S. 14-134. They appealed to this Court. We found "No Error." See opinion filed 3 February 1961, reported. 254 N.C. 97, 118 S.E. 2d 58.

Defendants thereafter applied to the Supreme Court of the United States for *certiorari.* That Court, on June 22, 1964, granted the writ, vacated the judgment, and remanded the case "to the Supreme Court of North Carolina for consideration in the light of *Robinson v. Florida,* ...... U.S. ......, 12 L. Ed. 2d 771, 84 S. Ct. ......, decided this date." 12 L. Ed. 2d 1032, 84 S. Ct. 1901.

The North Carolina State Board of Health, in 1958, exercising the authority given it by Art. 5, c. 72, of the General Statutes, promulgated an "Inspection Form for Restaurants and Food Handling Establishments." This inspection report makes provisions for toilet facilities "for each sex and race." It is, we think, apparent that the majority of the Supreme Court of the United States was of the opinion that the regulations promulgated by the North Carolina State Board of Health, like the regulations promulgated by the Florida State Board of Health, were sufficient to constitute state action depriving the operator of a restaurant of a freedom of choice with respect to the patrons he could serve.

The conclusion reached by the Supreme Court of the United States is binding on us; hence we reserve the judgments rendered at the April 1960 Term of the Superior Court of Wake County, and hold the Superior Court erred in overruling defendants' motions for nonsuit.

Reversed.